UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----ooOoo----

PRISCILLA M. FRENCH,

    Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC., MARRIOTT MAPLE RIDGE, and DOES 1 through 100, Inclusive,

    Defendants.

NO. CIV. S-01-1070 WBS JFM

FINAL PRETRIAL ORDER

----ooOoo----

A Final Pretrial Conference was held in this matter, pursuant to the provisions of Rule 16(d) of the Federal Rules of Civil Procedure and Local Rule 16-282, on September 3, 2002. Christopher Whelan appeared as counsel for plaintiff Priscilla French; David Tyra and William Jue appeared as counsel for defendant Marriot International. Following the hearing, the court enters this Final Pretrial Order:

    I.    <u>Jurisdiction-Venue</u>

Jurisdiction is predicated upon 28 U.S.C. § 1332 (diversity). Venue is undisputed and is hereby found to be

proper.

## II. Jury-Nonjury

Plaintiff demands a jury trial. Accordingly, the action shall be tried, pursuant to Fed. R. Civ. P. 48, before a jury consisting of no less than six and no more than 12 members.

## III. Jury Instructions and Proposed Form of Verdict

No later than ten court days before the trial date, counsel for plaintiff shall lodge and serve, pursuant to Local Rule 51-163, copies of all jury instructions which plaintiff requests be given on plaintiff's claims. At that time, counsel for plaintiff shall also file and serve a copy of a proposed form of verdict.

No later than seven court days before the trial date, counsel for defendants shall file and serve any objections to the instructions proposed by plaintiff. At the same time, counsel for defendants shall lodge and serve, pursuant to Local Rule 51-163, copies of any and all jury instructions not already proposed by plaintiff, which defendants request be given. Also at that time, counsel for defendants shall file and serve a copy of any proposed form of verdict and shall also file any objections to plaintiff's proposed form of verdict.

No later than four court days before the trial date, counsel for plaintiff shall file and serve any objections to the instructions proposed by defendant and to any proposed form of verdict.

Pursuant to Local Rule 51-163, any other instructions thereafter presented will be refused unless it is shown either: (1) that the necessity for the request arose in the course of

trial; could not reasonably have been anticipated prior to trial from the pleadings, discovery or nature of the action; and the request for such additional instructions is presented to the Court as promptly as possible; or (2) that the refusal to give such instructions would constitute plain error.

Likewise, any objections to proposed instructions not made in accordance with this order will be overruled as untimely unless it is shown either: (1) that the grounds therefor arose in the course of trial and the intention to make such objections is communicated to the Court as promptly as possible, or (2) that the giving of such instructions would constitute plain error.

IV. <u>Voir Dire Questions</u>

No later than seven court days before the trial date, counsel for each party shall submit all proposed jury voir dire questions.

V. <u>Trial Briefs</u>

No later than seven court days before the trial date, counsel for each party shall file trial briefs, which shall include any motions in limine, pursuant to Local Rule 16-285. No later than four court days before trial, the parties may file oppositions, if any, to the motions in limine.

VI. <u>Undisputed/Disputed Factual Issues</u>

Plaintiff's only claim in this action is one for defamation under California law. All issues of fact with respect to that claim remain in dispute and are subject to proof at the time of trial.

///

VII. <u>Witnesses</u>

  (A) Plaintiff anticipates calling the witnesses identified at Exhibit "A" attached hereto.

  (B) Defendants anticipate calling the witnesses identified at Exhibit "B" attached hereto.

  (C) Except for retained experts, each party may call any witness designated by any other party.

  (D) No other witnesses will be permitted to testify at trial unless:

    (1) all parties stipulate that the witness may testify;

    (2) the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or

    (3) the witness was discovered after the Pretrial Conference.

  (E) Testimony of a witness not designated in this Order, which is offered under paragraph VII(D)(3), above, upon the grounds that the witness was discovered after the Pretrial Conference, will not be permitted unless:

    (1) the testimony of the witness could not reasonably have been discovered prior to the Pretrial Conference;

    (2) the court and opposing counsel were promptly notified upon discovery of the testimony; and

    (3) counsel proffered the witness for deposition if time permitted or provided all opposing counsel a reasonable

summary of the testimony if time did not permit a deposition.

VIII. <u>Exhibits</u>

(A) Plaintiff intends to offer the exhibits identified at Exhibit "C" attached hereto.

(B) Defendants intend to offer the exhibits identified at Exhibit "D" attached hereto.

(C) Each party may offer any exhibit designated by any other party.

(D) No other exhibits will be received in evidence unless:

(1) all parties stipulate that the exhibit may be received in evidence;

(2) the party offering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or

(3) the exhibit was discovered after the Pretrial Conference.

(E) An exhibit not designated in this Order, which is offered under paragraph VIII(D)(3), above, upon the grounds that the exhibit was discovered after the Pretrial Conference, will not be received in evidence unless:

(1) the exhibit could not reasonably have been discovered prior to the Pretrial Conference;

(2) the court and opposing counsel were promptly notified upon discovery of the exhibit; and

(3) counsel provided copies of the exhibit to all opposing counsel if physically possible or made the exhibit

reasonably available for inspection by all opposing counsel if copying was not physically possible.

(F) Each party shall exchange copies of all exhibits identified in this Order, or make them reasonably available for inspection by all other parties, not later than thirty calendar days before the trial date. Any and all objections to such exhibits shall be filed and served not later than fourteen calendar days before the trial date.

(G) The attorney for each party is directed to appear before trial and present an original (and if physically possible one copy) of each exhibit to Deputy Clerk Sally Hoover at 8:30 a.m. on the date of trial.

(H) Each exhibit which has been designated in this Order and presented on the morning of the date of trial shall be pre-marked by counsel. Plaintiff's exhibits shall bear numbers; defendants exhibit shall bear letters. If no objection has been made to such exhibit pursuant to paragraph VIII(F), above, such exhibit will require no further foundation and will be received in evidence upon the motion of any party at trial.

IX. Further Discovery and Motions

Except for motions in limine, no further motions shall be brought before trial except upon order of the court and upon a showing of manifest injustice. Fed. R. Civ. P. 16(e). No further discovery will be permitted except by the express stipulation of all parties or upon order of the court and upon a showing of manifest injustice. Id.

X. Use of Depositions or Interrogatories

No later than twenty calendar days before the trial

date, counsel for each party shall file and serve a statement designating all answers to interrogatories and all portions of depositions intended to be offered or read into evidence, with the exception of portions to be used only for impeachment or rebuttal. No later than ten calendar days before the trial date, counsel for any other party may file and serve a counter-designation of other portions of the same depositions intended to be offered or read into evidence and may file evidentiary objections to any other parties' designation. No later than seven calendar days before the trial date, the parties may file evidentiary objections to any other party's counter-designation.

XI.   Date and Length of Trial

The trial is set for October 29, 2002, at 9:00 a.m. in Courtroom No. 5. The court estimates that trial will last approximately eight trial days.

XII.  Daubert Procedure

Any challenges based on <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and <u>Kumho Tire Co. v. Carmichael</u>, 119 S. Ct. 1167 (1999) will be raised and resolved outside the presence of the jury just prior to when the challenged expert will be called to give testimony. Any challenged expert shall be present for such a challenge, and shall be available for questioning.

XIII. Evidence Presentation Equipment

The court does not have the state-of-the-art audio visual equipment or support personnel necessary for the effective presentation of evidence by electronic means. Counsel are therefore encouraged to present their documentary evidence

by conventional means. If any party feels that electronic presentation is absolutely necessary, they should bring their own audio visual equipment to the courtroom and be prepared to operate it themselves.

XIV. <u>Settlement Conference</u>

A Settlement Conference is set before the Honorable William B. Shubb, on September 6, 2002 at 1:30 p.m.

Both sides have stipulated to the trial judge acting as the settlement judge and waive disqualification by virtue thereof.

Each party is ordered to have a principal with full settlement authority present at the conference or be fully authorized to settle the matter on any terms.

XV. <u>Objections to Pretrial Order</u>

Any objections or suggested modifications to this Pretrial Order shall be filed and served within five court days from the file-stamped date of this Order. All references herein to the date of this Order shall refer to the date the tentative order is filed and not to the date any amended order is filed. If no objections or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

DATED: September 5, 2002

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

**Exhibit "A"**

**Plaintiff's Witnesses**

1. Banda, JoAnn
2. DeShon, Terri
3. Eden, Mike
4. Favila, Barbara
5. French, Hanna
6. French, Jenni
7. French, Priscilla
8. Gallaher, Bill
9. Holtzer, Catherine
10. Rose, Ron
11. Virga, John
12. Virga, Michael
13. Virga, Patricia
14. Voss, Chad
15. Vostry-Ritter, Les
16. Wilkes, Lisa

**Exhibit "B"**

**Defendants' Witnesses**

1. Priscilla French
2. Barbara Favila
3. Les Vostry-Ritter
4. Ron Rose
5. Mike Eden
6. Lisa Wilkes
7. Catherine Holtzer
8. JoAnn Banda
9. Teri DeShon
10. Chad Voss

**Exhibit "C"**

**Plaintiff's Exhibits**

**Exhibits from Priscilla French's depositions, Vol. I and Vol. II**

    A.   Letter to Priscilla French from Dennis Parnell, dated January 20, 1999, 2 pages.

    B.   1999 Sales Compensation Plan for Director of Sales, 2 pages.

    C.   Conditions of Employment, 1 page.

    D.   Employment Application, 3 pages.

    E.   Job Description of Director of Sales, 4 pages.

    F.   Journal entries of Priscilla French, 24 pages.

    G.   Chronicle of events that led to the termination of Priscilla M. French, 4 pages.

    H.   Sales & Marketing performance evaluation, dated 3-7-00, 4 pages.

    I.   Small Stuff Incentive Program Payment Form, 1 page.

    J.   Document on Marriott letter head entitled "RES. Per 4 for bonus," 1 Page.

    K.   Senior Living Services Notice of Disciplinary Action, 1 page.

    L.   Marriott Maple Ridge of Laguna Creek Reservation Log, 5 pages.

    M.   Memo from Gina M. D'Angelo dated February 4, 2000 re: MMR 2000 Sales Incentive - Sweat the Small Stuff, 6 pages.

    N.   Inquiry Status Report as of 4/28/00, 5:10 p.m., 3 pages.

    O.   Handwritten notes, 8 pages.

    P.   E-mail message from Pris French to J. Kinchelow dated

4/19/00, 1 page.

    Q. E-mail from Pris French to J. Kinchelow dated 4/19/00, 2 pages.

    R. E-mail from Pris French to J. Kinchelow dated 4/20/00, 1 page.

    S. Questions to consider: by Priscilla French dated 6/28/00, 1 page.

    L. Reservation Log

    T. Documents regarding French termination faxed to Holtzer from Favila.

**Additional Exhibits:**

    1. Favila Declaration in support of Summary Judgment motion with attachments.

    2. Favila Deposition.

    3. Vostry-Ritter Declaration in support of Summary Judgment motion with attachments.

    4. Vostry-Ritter Deposition.

    5. French Declaration in Opposition to Summary Judgment with Attachments.

    6. EDD notice of Appealed Determination from EDD - 3 pages.

    7. 6/8/2000 letter from Chad Voss, The Frick Co. to EDD [French 44-45].

    8. EDD notice of redetermination to the Frick Co. [French 46-47].

    9. Record of Interview for Termination by EDD [French 50-54].

    10. Whelan letter to Marriott 6/7/00 apology and clearing

up name {French 70-71] and responsive letter from Marriott.

  11. Guarantee of Fair Treatment [French 77].

  12. Certificates of Achievement [French 75-76].

  13. Reservation Agreement for Art Reber-by Favila 4/12/00.

  14. Reservation Agreement for Howard Yamagata by JoAnn Banda 3/13/00.

  15. Reservation Agreement for Mabel R. Lynch by JoAnn Banda 3/16/00.

  16. Reservation Agreement for Bertha M. Weiland by JoAnn Banda 4/12/00 [MAR 115].

  17. Reservation Agreement for Wilda Plocher by JoAnn Banda [MAR 95].

  18. Reservation Agreement for Susan Seaton by Pris French [MAR 99].

  19. Reservation Agreement for Fanny Mirsky by Pris French [MAR 109].

  20. Reservation Agreement for Pris French [MAR 109]

  21. Inquiry Information Card for Dorothy Kinney by French [MAR 110].

  22. Check copy for Dorothy Kinney [MAR 112].

  23. Inquiry Information Card for Bertha Weiland 4/1/00 [MAR 113).

  24. 5/18/2000 letter re: refund request for Bertha Weiland [MAR 114].

  25. Reservation Agreement for Dorothy Kinney by Pris French [MAR 111].

  26. Reservation Agreement for Francis Vostry; "Responsible Party" Les Vostry-Ritter 4/19/00 with check attached [MAR 116-

117].

27. Reservation Agreement for Lillian O'Kelly by Terri DeShon with check attached.

28. Reservation Agreement for Bob Klein by JoAnn Banda 4/17/00 [MAR 82].

29. Reservation Agreement for James Larsen by Les Vostry-Ritter 4/5/00 [MAR 106].

30. Reservation Agreement for James Larsen by Les Vostry-Ritter 4/5/00 [MAR 106].

31. French time card for 4/22/00-5/4/00.

32. French Handwritten notes [French 25-32].

33. Christine A. Ruppert's letter to Whelan 6/29/2000 [MAR 43-44].

34. May 12, 2000 Banda letter to Marcia Kreil for Art Reber [MAR 92].

35. Inquiry Information Card for James Wilson by French [MAR 105].

36. All Documents produced by Defendants in Discovery, including but not limited to MAR 0001-MAR0117 and unnumbered documents produced by Defendants on September 19, 2001.

37. All Documents produced by Plaintiff in Discovery, including documents numbered 0000001-00000077.

**Exhibit "D"**

**Defendants' Exhibits**

    A.    Letter to Priscilla French from Dennis Parnell, dated January 20, 1999, 2 pages.

    B.    1999 Sales Compensation Plan for Director of Sales, 2 pages.

    C.    Conditions of Employment, 1 page.

    D.    Employment Application, 3 pages.

    E.    Job Description of Director of Sales, 4 pages.

    F.    Journal entries of Priscilla French, 24 pages.

    G.    Chronicle of events that led to the termination of Priscilla French, 4 pages.

    H.    Sales & Marketing Performance Evaluation, dated 3-7-00, 4 pages.

    I.    Small Stuff Incentive Program Payment Form, 1 page.

    J.    Document on Marriott letterhead entitled "RES. Per 4 for bonus," 1 page.

    K.    Senior Living Services Notice of Disciplinary Action, 1 page.

    L.    Marriott MapleRidge of Laguna Creek Reservation Log, 5 pages.

    M.    Memo from Gina M. D'Angelo dated February 4, 2000 re: MMR 2000 Sales Incentive - Sweat the Small Stuff, 6 pages.

    N.    Inquiry Status Report as of 4/28/00, 5:10 p.m., 3 pages.

    O.    Handwritten notes, 8 pages.

    P.    E-mail message from Pris French to J. Kinchelow dated 4/19/00, 1 page.

Q.  E-mail from Pris French to J. Kinchelow dated 4/19/00,
2 pages.
            R.  E-mail from Pris French to J. Kinchelow dated 4/20/00,
1 page.
            S.  Questions to consider: by Priscilla French dated
6/28/00, 1 page.
            T.  French declaration in Opposition to Motion for Summary
Judgment, and any attachments thereto.
            U.  Weiler Reservation Documents, MAR 75 - 77.
            V.  Hazel Clark Inquiry Information Card, MAR 78.
            W.  Bob Klein Reservation Documents, MAR 81 - 83.
            X.  Art Reber Inquiry Information Card, MAR 90.
            Y.  Art Reber Reservation Agreement, MAR 93.
            Z.  Wilda Polcher Reservation Documents, MAR 94 - 97.
            AA. Susan Seaton Reservation Documents, MAR 98 - 99.
            BB. Note re Fanny Mirsky by plaintiff, MAR 107.
            CC. Documents from Favila to Holtzer, MAR 47 - 54.
            DD. Reservation Agreement for Bertha M. Weiland by JoAnn
Banda 4/12/00, MAR 115.
            EE. Reservation Agreement for Wilda Plocher by JoAnn
Banda, MAR 95.
            FF. Reservation Agreement for Susan Seaton by Pris French,
MAR 99.
            GG. Reservation Agreement for Fanny Mirsky by Pris French,
MAR 109.
            HH. Inquiry Information Card for Dorthy Kinney by French,
MAR 110.
            II. Check copy for Dorthy Kinney, Mar 112.

1     JJ.   Inquiry Information Card for Bertha Weiland 4/1/00,
2 MAR 113.
3     KK.   5/18/2000 letter re: refund request for Bertha
4 Weiland, MAR 114.
5     LL.   Reservation Agreement for Dorothy Kinney by Pris
6 French, MAR 111.
7     MM.   Reservation Agreement for Francis Vostry; "Responsible
8 Party" Les Vostry-Ritter 4/19/00 with check attached, MAR 116 –
9 117.
10     NN.   Reservation Agreement for James Larsen by Les
11 Vostry-Ritter 4/5/00, MAR 106.
12     OO.   May 12, 2000 Banda letter to Marcia Kreil for Art
13 Reber, MAR 92.
14     PP.   Inquiry Information Card for James Wilson by French,
15 MAR 105.

```
                                                                sk
              United States District Court
                         for the
               Eastern District of California
                    September 9, 2002

              * * CERTIFICATE OF SERVICE * *


                                         2:01-cv-01070


French

    v.

Marriott Intl Inc

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  September 9, 2002, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


     Christopher H Whelan                    SH/WBS
     Law Offices of Christopher H Whelan
     11246 Gold Express Drive
     Suite 100
     Gold River, CA  95670

     William Skipworth Jue
     Seyfarth Shaw
     400 Capitol Mall
     Suite 2350
     Sacramento, CA  95814-4420




                                       Jack L. Wagner, Clerk

                                       BY: _____
                                              Deputy Clerk
```